## Zent v. Watts.

*(Supreme Court, General Term, Fifth Department.   June, 1888.)*

1. Account Stated—Pleading and Proof—Settlement.
    Under a complaint declaring on an account, and demanding judgment for the balance due thereon, plaintiff may show that the parties had a settlement, and that it was agreed that defendant was to pay a certain sum to balance the account, part of which he had paid, and recovery may be had on such compromise agreement.
2. Same—Evidence—Harmless Error.
    Testimony of a witness that he prepared a note for plaintiff should have been rejected; but, as there was no evidence from which it could be inferred that it was to be presented by plaintiff to defendant to sign as a note for the balance claimed to be due, nor evidence from which it could be inferred that it was a statement by plaintiff to witness of the amount due plaintiff from defendant, its admission was harmless error.
3. Trial—Instructions—Withdrawal of Erroneous Charge.
    An error in the charge to the jury is cured where the attention of the court is subsequently called to it, and a correct instruction is given.

Appeal from Erie county court.

Action on an account brought by John D. Zent against Robert Watts. Plaintiff had verdict and judgment, from which, and from an order denying motion for new trial, defendant appeals.

Argued before Barker, P. J., and Haight, Bradley, and Dwight, JJ.

*E. C. Robbins,* for appellant.   *J. Romayne,* for respondent.

Barker, P. J.   The parties had dealings together, and the plaintiff kept an account of the same, who in July, 1886, presented a copy of his account to the defendant, which showed a balance his due of $328, which the defendant disputed in part, pointing to some of the items, which he claimed were erroneous. The parties agreed, in their statements made upon the trial as witnesses, that at that time their disputes and controversies over the accounts were compromised and settled, on the basis that the defendant should pay to the plaintiff $300 in cash, in full payment of the account; and thereupon the plaintiff prepared and delivered to the defendant a receipt, acknowledging full payment of the account. The defendant set up payment in bar of recovery, and testified on the trial that he, at the time of the settlement, paid $300, the sum agreed upon. This was his only defense. The plaintiff testified, and was corroborated in part by other witnesses in his statement, that when the account was adjusted the defendant paid only the sum of $200, and promised to pay the balance in a few days thereafter, and that the same had never been paid. He admits the making and delivery of the receipt; but testified, in explanation of that circumstance, that, when the receipt was delivered to the defend-

ant, it was understood that all of the $300 was to be then paid, but that the defendant, on counting the money which he had in hand, was short of that sum $100, and promised to hand the balance to the plaintiff in a few days; and for that reason the receipt was not recalled or altered so as to correspond with the amount paid. On the trial the defendant insisted that there was a substantial and fatal variance between the cause of action set out in the complaint and the one proved in this: that the cause of action declared upon was the original account, and that the one proved was the compromised agreement, as set forth substantially as proved. The demand for judgment in the sum of $128, the balance which would have been due upon the account as first presented, after crediting the $200 paid as admitted by the plaintiff, did not have the legal effect to limit the cause of action, as set out in the complaint, to the one originally existing in the plaintiff's favor, for goods sold and delivered. John Bourland's evidence, that he prepared a note at the plaintiff's request, which was given in evidence, was wholly immaterial and should have been rejected. But we do not see how the evidence could have injured the defendant in the least, as there was no statement made by the witnesses from which it could be inferred by the jury that it was intended to be presented by the plaintiff to the defendant, for him to sign as a note for the balance which the plaintiff claimed was his due and unpaid on the settlement. The evidence cannot be construed as amounting to a statement by the plaintiff to Bourland that the defendant owed him the sum of $100. If the charge of the county judge as first made, relative to the inference, which the jury might draw from the circumstance that the note was prepared by Bourland, at the plaintiff's request, was erroneous, the error was corrected by the subsequent part of the charge after the judge's attention was particularly called to Bourland's evidence. The other exceptions have been examined, and we discover no error which should lead to a reversal of the judgment, and the same should be affirmed.

All concur.